## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MIESHA LOTT,**

       **Plaintiff,**

                          **Case No.: 8:25-CV-01509-WFJ-CPT**

**vs.**

**TAMPA BAY WORKFORCE
ALLIANCE INC., D/B/A
CAREERSOURCE
HILLSBOROUGH PINELLAS,**

       **Defendant.**
_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

Defendant, CAREERSOURCE HILLSBOROUGH PINELLAS ("CareerSource" or "Defendant"), moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint filed by Plaintiff, MIESHA LOTT ("Plaintiff"), on the grounds that the Complaint fails to state a claim upon which relief may be granted.

## INTRODUCTION

On March 18, 2025, Plaintiff filed a Complaint against CareerSource in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County,

Florida. On June 10, 2025, CareerSource removed Plaintiff's entire action to this Court.

The Complaint purports to set forth four counts against CareerSource. Counts I and II purport to allege failure to accommodate disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 *et seq*. Compl. ¶¶ 44-50, 51-58. Count III purports to allege retaliation under the ADA. *Id.* at ¶¶ 59-65. Finally, Count IV purports to allege retaliation under the FCRA. *Id.* at ¶¶ 66-73.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of h[er] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 555 (2007) (internal quotations and citations omitted).

Plaintiff's allegations fall short of stating a claim upon which relief may be granted under the FCRA or the ADA. First, Plaintiff has failed to allege an adverse action for any of her purported claims. Second, with respect to Plaintiff's purported failure to accommodate disability claims, Plaintiff has failed to allege that CareerSource failed to provide a reasonable accommodation. Third, even if Plaintiff alleged an adverse action, which she did not, her purported retaliation claims fail

2

because she did not plead causation. Plaintiff cannot rely on conclusory assertions to fulfill her obligation to plead facts. Accordingly, the Complaint should be dismissed.

## MEMORANDUM OF LAW

### I.    Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss based on a "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a pleading "must plausibly allege all the elements of the claim for relief." *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1339 (11th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). That maxim, however, does not apply to "labels and legal conclusions." *Id.*

Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere naked assertions are insufficient. *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*,

326 F.3d 1183, 1185 (11th Cir. 2003). A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.    Plaintiff has Failed to State a Claim for Failure to Accommodate Disability Discrimination Under the ADA and the FCRA

To state a claim of failure to accommodate disability, a plaintiff must establish "that (1) she was a qualified individual with a disability; (2) she made a specific request for a reasonable accommodation; and (3) her employer [] failed to provide a reasonable accommodation, or engage in the requisite interactive process in order to identify a reasonable accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020). In addition, Eleventh Circuit precedent requires that a plaintiff demonstrate that the alleged failure to accommodate resulted in an adverse employment action. *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023) ("[D]iscrimination in the form of a failure to reasonably accommodate is actionable under the ADA only if that failure negatively impacts the employee's hiring, advancement, discharge, compensation, training, and other terms, conditions, and privileges of his employment.").

For example, in *Dolch v. Sixth Judicial Circuit*, No. 8:24-CV-1521-KKM-

4

TGW, 2025 WL 1309512 (M.D. Fla. May 6, 2025), the plaintiff's complaint alleged that her employer denied her request for a closer parking space, which she sought as an accommodation for her lupus. This Court, citing *Beasley*, found these allegations insufficient to state a claim for failure to accommodate disability:

> Regarding the parking space on Thursdays, [plaintiff's] allegations are insufficient because there are no allegations that "any of the terms, conditions, or privileges of [her] employment were adversely affected" by the lack of a parking space on Thursdays. To the extent that the failure to accommodate her parking needs resulted in a constructive discharge, she must allege as much.

*Id.* at, *5 (citing *Beasley*, 69 F.4th at 756) (internal citations omitted). *See id.* at, *6 ("Accordingly . . . she does not state a claim regarding the failure to accommodate her parking needs."). However, this Court found that the plaintiff did state a claim for failure to accommodate based on her second theory: failure to accommodate a medical appointment **leading to a promotional opportunity being foreclosed**. *Id.* at, *6. ("These allegations suffice to state a claim that [defendant's] failure to accommodate effectively foreclosed [plaintiff's] opportunity to interview for the promotion.").

In the substantive discrimination context, an employment action is considered "adverse" only if it results in harm to an identifiable term or condition of employment. *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 346 (2024). *See id.* at 347 ("To make out a Title VII discrimination claim, a transferee must show

some harm respecting an identifiable term or condition of employment.").[1] In *Muldrow*, the Supreme Court found that the employee demonstrated an adverse employment action for purposes of her sex discrimination claim even though she was not terminated or demoted, and her rank and pay remained the same:

> While Muldrow's rank and pay remained the same in the new position, *her responsibilities, perks, and schedule did not.* After the transfer, Muldrow no longer worked with high-ranking officials on the departmental priorities lodged in the Intelligence Division, instead supervising the day-to-day activities of neighborhood patrol officers. She also lost access to an unmarked take-home vehicle and had a less regular schedule involving weekend shifts.

*Id.* at 346 (emphasis added). The Court found that these negative changes to the employee's responsibilities, perks, and schedule were sufficient to demonstrate an adverse action, even though she was not terminated, demoted, suspended, and her pay remained the same.

Courts applying the *Muldrow* standard have recognized that "some workplace events that are unpleasant are not necessarily adverse employment actions." *Mitchell*

---

[1] While *Muldrow* was decided in the Title VII context, courts have applied this standard to ADA and FCRA claims as well given the similar statutory language. *See Davis v. Orange Cnty.*, No. 23-12759, 2024 WL 3507722, at *3 (11th Cir. July 23, 2024) ("Thus, we vacate the district court's dismissal order as to the Title VII, ADA, and FCRA claims and remand for the district court to reassess those claims considering *Muldrow*"). *See, e.g.*, *Mitchell v. Planned Parenthood of Greater New York, Inc.*, 745 F. Supp. 3d 68, 91 (S.D.N.Y. 2024) ("The Court also holds that Muldrow applies to discrimination claims under the ADEA and the ADA, given that the pertinent language in those statutes is similar to the pertinent language in Title VII."); Rios v. Centerra Grp. LLC, 106 F.4th 101, 112-13 (1st Cir. 2024) (applying *Muldrow* to ADA claim).

*v. Planned Parenthood of Greater New York, Inc.*, 745 F. Supp. 3d 68, 91 (S.D.N.Y. 2024). For example, the First Circuit has held that "mere admonition by a supervisor without any formal consequences is not an adverse employment action because it does not represent any disadvantageous change in the terms or conditions of the plaintiff's employment." *Rios v. Centerra Grp. LLC*, 106 F.4th 101, 112-13 (1st Cir. 2024).

Finally, to state a claim for failure to accommodate disability, a plaintiff must allege that the accommodation provided by the employer, if any, was ineffective in meeting her job-related needs. For example, In *Leal-Taylor v. D.C.*, No. 1:22-CV-01310 (CJN), 2024 WL 4512385 (D.D.C. Oct. 17, 2024), the plaintiff failed to state a claim for failure to accommodate disability because she failed to allege that the accommodations provided were ineffective in meeting her job-related needs. *Id.* at, *2. In opposing the defendant's motion to dismiss, the plaintiff argued that the sufficiency of the accommodation was a question of fact for the jury. *Id.* The court disagreed:

> In her opposition brief, [plaintiff] argues that the sufficiency of the [defendant's] proffered accommodations is a question of fact that a jury must resolve. But that misses the point. Even taking [plaintiff's] allegations as true, as the Court is required to do at this stage, she has pleaded ***no*** facts from which a jury could conclude that the District's accommodations were inadequate to permit her to perform her job.

*Id.* The court further noted that plaintiff's allegations that she was threatened with termination for seeking medical care and that defendant refused to negotiate with her "ha[d] no bearing on whether she has adequately pleaded that the [defendant] was required to provide elevator and air-conditioning access as part of a reasonable accommodation." *Id.*

### A.  Plaintiff Failed to Plead that CareerSource's Alleged Failure to Accommodate Resulted in an Adverse Employment Action.

Plaintiff has failed to plead any facts demonstrating that CareerSource's alleged failure to accommodate resulted in a negative impact on identifiable terms and conditions of her employment. Taking Plaintiff's allegations as true, she was neither terminated, demoted, suspended, nor formally disciplined, and, unlike the plaintiff in *Muldrow*, whose transfer resulted in her no longer working with high-ranking officials, having different responsibilities, losing access to an unmarked take-home vehicle, and having a less regular schedule involving weekend shifts, *Muldrow*, 601 U.S. at 346, Plaintiff experienced no negative change to any identifiable term and/or condition of her employment. Instead, Plaintiff alleges, in a conclusory manner, that she was "repeatedly reprimanded" for not attending certain work-related events, was subjected to increased surveillance by her supervisor during working hours, and was required to attend certain events, such as a

8

"mandatory Christmas party." Compl. ¶ 12. Even when considered together, these alleged actions fall well short of pleading an adverse employment action.

Plaintiff's vague references to "reprimands" are themselves insufficient to plead an adverse employment action, since she failed to tie any of the alleged reprimands to a harmful change with respect to identifiable terms and conditions of her employment. *See Lucas v. City of Delray Beach,* 692 F. Supp. 3d 1271, 1288–89 (S.D. Fla. 2023), *appeal dismissed,* 2023 WL 9232155 (11th Cir. Nov. 6, 2023) ("The Eleventh Circuit has been clear that a written reprimand (standing alone) doesn't constitute an adverse employment action.").

The same is true for Plaintiff's allegations that she was subjected to increased surveillance by her supervisor and required to attend work-related events. *See Walker v. Indian River Transp. Co.*, 741 Fed. Appx. 740, 749 (11th Cir. 2018) (finding that an employer's heightened surveillance of plaintiff did not "rise[] to the level of severity" to constitute an adverse employment action for purposes of plaintiff's discrimination claim.); *Foshee v. Ascension Health-IS, Inc.*, 384 Fed. Appx. 890, 892 (11th Cir. 2010) (finding no adverse employment action where plaintiff was forced to attend counseling sessions). *See also, e.g., Trask v. McDonald*, 2015 WL 13935564, at *9 (M.D. Fla. Mar. 19, 2015), *aff'd sub nom. Trask v. Sec'y, Dept. of Veterans Affairs*, 822 F.3d 1179 (11th Cir. 2016) ("Plaintiffs

9

have not alleged that they suffered work hour changes or a decrease in salary as the result of their reassignment. . . .Thus, it is questionable whether they experienced the kind of tangible harm associated with an adverse employment action.").

Since Plaintiff's allegations fail to tie any alleged action by CareerSource to a negative change in any identifiable terms and conditions of Plaintiff's employment, she has failed to plead an adverse employment action for purposes of her purported discrimination claims. Accordingly, Counts I and II of the Complaint should be dismissed for failure to state a claim.

### B. Plaintiff Failed to Plead that CareerSource Failed to Provide a Reasonable Accommodation.

Plaintiff alleges that when she requested to work remotely each Friday for six months as a disability accommodation ("Initial Request"), CareerSource denied the request on grounds of business necessity. *See* Compl. ¶¶ 6, 7, 15. However, CareerSource ultimately permitted Plaintiff to work remotely every other Friday for three months. *Id.* at ¶¶ 16-17. Plaintiff does not allege that this selected accommodation was insufficient or unreasonable. Instead, she complains that she was not permitted to work remotely each Friday for the full six months she sought in her Initial Request:

> However, Defendant' approval came with limitations: Plaintiff was only authorized to work remotely every other Friday for three months, rather than the full, requested six months of remote work on Fridays.

10

Compl. ¶ 16. However, an employee with a disability is not entitled to the accommodation of her choice. *McKane v. UBS Fin. Services, Inc.*, 363 Fed. Appx. 679, 681 (11th Cir. 2010) (citing *Earl v. Mervyns, Inc.,* 207 F.3d 1361, 1367 (11th Cir. 2000) ("An employee with a disability is not entitled to the accommodation of his choice, but only to a reasonable accommodation."). Further, just as the plaintiff in *Leal-Taylor*, Plaintiff asserts no allegations demonstrating that the selected accommodation was ineffective, nor does she refute the position that CareerSource's denial of her Initial Request was supported by business necessity. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1286–87 (11th Cir. 1997) (holding that employee failed to engage in the interactive process because she did not give the employer any substantive reasons as to why the proffered accommodations were unreasonable, but instead simply demanded that the employer grant her demands).

Several months later, as Plaintiff's three-month accommodation period was coming to an end, she allegedly "sought to extent the accommodation already in place" for an unknown period of time ("Second Request").[2] Compl. ¶ 29. Plaintiff

---

[2] While Plaintiff claims to have merely requested an extension of *the existing accommodation*—to work remotely every other Friday for three months—her Second Request allegedly sought to work remotely *every Friday* for an unidentified period. In other words, Plaintiff's Second Request was substantially the same as her Initial Request, which CareerSource allegedly denied on grounds of business necessity.

alleges that CareerSource denied her Second Request and "refused to engage in any further dialogue or make a genuine effort to explore alternative accommodations for Plaintiff, effectively halting the interactive process." *Id.* at ¶ 31.

However, Plaintiff's allegations demonstrate that her Second Request was substantially the same as her First Request, which Plaintiff acknowledges was denied on grounds of business necessity. Indeed, Plaintiff's allegations indicate that CareerSource had previously determined that Plaintiff's job requirements make it unreasonable for her to work remotely each Friday for six months, and instead permitted her to work remotely every other Friday for three months. *Id.* at ¶ 16. Accordingly, Plaintiff' Second Request, which allegedly sought to work remotely every Friday for an additional period beyond three months, *id.* at ¶ 29, was not reasonable. Thus, Plaintiff's allegation that CareerSource "refused to engage in any further dialogue or make a genuine effort to explore alternative accommodations," taken as true, is unimportant. *See Willis v. Conopco, Inc.,* 108 F.3d 282, 285 (11th Cir. 1997) (quotation omitted) ("[W]here a plaintiff cannot demonstrate [a] reasonable accommodation, the employer's lack of investigation into reasonable accommodation is unimportant."); *Knowles v. Sheriff*, 460 Fed. Appx. 833, 835 (11th Cir. 2012) (citing *Earl*, 207 F.3d at 1367) (holding that "where the employee

failed to identify a reasonable accommodation, the employer had no affirmative duty to engage in an 'interactive process.'").

Since Plaintiff's allegations, taken as true, fall short of demonstrating that CareerSource failed to provide a reasonable accommodation, Plaintiff has failed to state a cognizable claim for failure-to-accommodate disability discrimination. Accordingly, Counts I and II of the Complaint should be dismissed for failure to state a claim.

III.    **Plaintiff has Failed to State a Claim for Retaliation Under the ADA or the FCRA[3]**

A plaintiff establishes a prima facie case of retaliation by demonstrating: (1) engagement in a protected activity; (2) the occurrence of an adverse employment action; and (3) that the adverse employment action was causally related to the protected activity. *Little v. United Technologies,* 103 F.3d 956, 959 (11th Cir. 1997).[4]

With respect to the second element, a materially adverse action in the retaliation context is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co.*

---

[3] Since Plaintiff's protected activity, as alleged, is limited to seeking disability accommodations and opposing disability discrimination, which are protected under both the ADA and the FCRA, CareerSource cannot discern a distinction between these purported claims. Accordingly, CareerSource addresses both of Plaintiff's purported retaliation claims together for purposes of this Motion.

[4] *See Russell v. City of Tampa, Florida*, 737 Fed. Appx. 922, 923 (11th Cir. 2018) ("Retaliation claims under both the ADA and FCRA follow the analysis under Title VII of the Civil Rights Act of 1964.").

*v. White,* 548 U.S. 53, 68 (2006).[5] For example, it has been held that a 37-day suspension without pay, reassignment of a worker to a new position with less prestige and responsibility, and negative performance reviews linked to a denial of a merit pay increase constitute adverse employment actions. *See Burlington*, 548. U.S. at 70–71; *Holland v. Gee*, 677 F.3d 1047, 1058 (11th Cir. 2012); *Crawford v. Carroll*, 529 F.3d 961, 973-74 (11th Cir. 2008). However, "trivial harms" and "petty slights," *Burlington Northern*, 548 U.S. at 68, such as a supervisor's "oral . . . criticisms," unconnected to any "tangible job consequences," do not constitute a materially adverse action. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1241 (11th Cir. 2001). *See Juback v. Michaels Stores, Inc.*, 143 F. Supp. 3d 1195, 1206 (M.D. Fla. 2015) (quoting *Givens v. Chambers*, 548 F. Supp. 2d 1259, 1271 (M.D. Ala. 2008)) ("courts have concluded a supervisor's public and loud verbal criticisms are insufficient to satisfy the adverse employment action requirement."); *id.* (citing *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010)) ("The loss of a salary for a period of months, weeks, or days is a 'materially adverse' action which well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.").

---

[5] The *Muldrow* court made clear that its adverse action standard does not apply to retaliation claims and leaves untouched the *Burlington Northern* standard, which held that such a claim requires a "materially adverse" action. *See Burlington Northern*, 548 U.S. 53 (2006).

In *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004), the plaintiff claimed that after she exercised her rights under the ADA, she suffered a materially adverse action when a supervisor approached her on several occasions and, in front of other customers, accused her of not coming to the office on the correct day and stated that the employees were watching her. *Higdon*, 393 F.3d at 1219. In finding that this conduct would not dissuade a reasonable employee from engaging in protected activity, the Eleventh Circuit noted the absence of any "tangible negative effect" on plaintiff. *See id.* (citing *Davis*, 245 F.3d at 1239) ("Higdon's evidence shows a contentious relationship with Eberhardt, but there was no 'tangible negative effect' on Higdon."). *See also id.* at 1219–20 ("Higdon alleges that Eberhardt was rude, but this Court has repeatedly stated that the civil rights laws were not intended to be a civility code. Higdon's complaint of retaliation against Eberhardt fails."). Since the supervisor's alleged conduct was not sufficiently material, and the plaintiff failed to tie such conduct to any tangible harm, she was unable to satisfy the "materially adverse" standard set forth in *Burlington Northern*. *See Metz v. Home Depot, U.S.A., Inc*., 2007 WL 3231795, at *9 (M.D. Fla. Oct. 30, 2007) (quoting *Burlington*, 548. U.S. at 67) ("Although this provision encompasses more than 'acts that affect the terms and conditions of employment,' it 'protects an individual not from all retaliation, but from retaliation that produces an injury or harm.'").

15

As illustrated in *Higdon*, the standard for "materially adverse action" set forth in *Burlington Northern* is intended to "avoid the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings." *Burlington*, 548. U.S. at 68-69. In *Foshee v. Ascension Health-IS, Inc.*, 384 Fed. Appx. 890 (11th Cir. 2010), the plaintiff argued that being forced to attend counseling sessions constituted an adverse action under *Burlington Northern* because they placed her closer to termination and increased her stress level. *Foshee*, 384 Fed. Appx. 890, 892. In finding that Plaintiff failed to demonstrate an adverse action for purposes of her retaliation claim, the Eleventh Circuit noted that "[t]he materiality of the alleged adverse action is judged by an objective standard." *Id. See also id.* at 893 ("[W]e conclude that these actions are not sufficiently material that an objectively reasonable person would consider them materially adverse."). *See Medearis v. CVS Pharmacy, Inc.*, 646 Fed. Appx. 891, 897 (11th Cir. 2016) ("The claimed impact of the discrimination cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment when viewed by a reasonable person in the circumstances, *regardless of the employee's subjective view*.") (internal quotations omitted) (emphasis added); *Cabrera v. Secretary, Dept, of Transp.,* 468 Fed. Appx. 939, 942 (11th Cir. 2012) (dismissing retaliation claim because although the employer's action was embarrassing to plaintiff it would not prevent an employee

16

from filing a charge with the EEOC).

With respect to the third element, "a plaintiff may plead the causation element by alleging facts that show a statutorily protected activity and an adverse employment action were temporally proximate, but temporal proximity alone is insufficient unless the events are 'very close.'" *McGuire v. United Parcel Serv., Inc.*, 763 Fed. Appx. 890, 898 (11th Cir. 2019) (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)). For example, "[a] three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Thomas*, 506 F.3d at 1364.

Consistent with the foregoing, a plaintiff cannot plead the causal element of a retaliation claim merely by alleging that the adverse action "occurred shortly after" the protected activity. For example, in *McGuire v. United Parcel Serv., Inc.*, No. 815CV2792T24JSS 2016 WL 3428499, (M.D. Fla. June 22, 2016), this Court dismissed the plaintiff's retaliation claim because he "fail[ed] to provide dates to support this claim, and without a connection between his application for workers' compensation benefits and the alleged adverse employment actions [], his workers' compensation retaliation claim fails and must be dismissed." *McGuire*, 2016 WL 3428499, at *3. The plaintiff's amended complaint was dismissed on essentially the

17

same grounds, as it still failed to allege specific dates from which an inference of causation may otherwise be established:

> From these conclusory allegations, one cannot reasonably infer that UPS considered McGuire disabled *because* he had filed a workers' compensation claim, or that McGuire's workers' compensation claim was causally related to UPS's refusal to allow him to return to full-duty work. *Most importantly, McGuire again failed to specify the dates that he applied for and received workers' compensation benefits for either of his injuries, making it impossible to determine whether the alleged adverse action and his application for benefits were temporally proximate.*

*McGuire v. United Parcel Serv., Inc.*, 763 Fed. Appx. 890, 898 (11th Cir. 2019) (internal citation omitted) (emphasis added). *See id.* at 899 (finding the district court did not err in dismissing the plaintiff's retaliation claim).

### A.   Plaintiff Failed to Allege a Materially Adverse Action.

Plaintiff attempts to allege three instances of retaliation. First, Plaintiff alleges that after CareerSource approved her accommodations request on January 8, 2024, "Ms. Maritza and Plaintiff's manager, Program Coordinator Kristin Winn, began to specifically target Plaintiff, singling her out from her colleagues." Compl. ¶ 19. Specifically, Plaintiff alleges that her supervisor (Ms. Winn) made numerous unannounced visits to Plaintiff's work area "specifically to monitor whether Plaintiff was present at her desk." *Id.* at ¶ 20.

18

Second, Plaintiff alleges that during her one-on-one meeting with Ms. Winn, for which no dates or time frames are alleged, "Ms. Winn repeatedly brought up religious topics in a manner that seemed intended to pressure Plaintiff into conversion." Compl. ¶ 22. Plaintiff alleges that these discussions made her uncomfortable, and that Ms. Winn persisted in engaging in religious discussion even after Plaintiff asked her to refrain from doing so. *Id.* at ¶ 23.

Third, Plaintiff alleges that she was "publicly humiliated" by Ms. Winn a few weeks after Plaintiff filed a charge of disability discrimination against CareerSource with the Equal Opportunity Employment Commission ("EEOC"). Compl. ¶¶ 33, 34. Specifically, Plaintiff claims that Ms. Winn "singled her out during a Teams meeting" by asking Plaintiff to unmute herself and turn on her video. *Id.* at ¶¶ 35, 36.

However, Plaintiff's allegations, taken as true, fail to plead a materially adverse action, and therefore fail to state a cause of action for retaliation under the FCRA or the ADA.

First, Plaintiff cannot plead a materially adverse action merely by alleging that her supervisor monitored her attendance and/or location during working hours. *See, e.g.*, *Walker*, 741 Fed. Appx. at 749 (finding that an employer's heightened surveillance of plaintiff did not "rise[] to the level of severity" to constitute an

adverse employment action.). CareerSource avers that no court has found that a supervisor's mere monitoring of its subordinates' attendance and/or location during working hours amounts to a materially adverse action. Since the efficiency of an employer's business operations depends largely on employee attendance, punctuality, and performance, restricting an employer's ability to take reasonable steps to monitor its employees during work hours, such as in-person visits, goes well beyond the intent of the ADA or the FCRA. *See Medearis*, 646 Fed. Appx. at 897 (quoting *Davis,* 245 F.3d at 1244) ("Federal courts do not sit as 'super-personnel department[s]' that reexamine an employer's business decisions.").

Second, Plaintiff's allegation that Ms. Winn brought up religious topics during meetings with Plaintiff is likewise insufficient to plead a materially adverse action. As a threshold matter, engaging an employee in unsolicited religious discussion may reasonably create uncomfortable, unpleasant, or contentious feelings, but this is not the type of conduct which would chill a reasonable employee from filing a charge of disability discrimination or requesting a disability accommodation. *Higdon*, 393 F.3d at 1219–20 ("Higdon alleges that Eberhardt was rude, but this Court has repeatedly stated that the civil rights laws were not intended to be a civility code. Higdon's complaint of retaliation against Eberhardt fails."); *Burlington*, 548. U.S. at 68 (recognizing that "petty slights, minor annoyances, []

lack of good manners[,]" and "personality conflicts that generate antipathy and snubbing by supervisors and co-workers are not covered."). *See generally, e.g.*, *McLaughlin v. Brennan*, 2016 WL 1271514 (M.D. Fla. Mar. 31, 2016) (finding that numerous alleged acts of vandalism against Plaintiff's personal property amounted to harms and annoyances that "would **not** dissuade a reasonable employee from raising a complaint of discrimination.").

Additionally, just as the plaintiff in *Higdon*, Plaintiff failed to tie the alleged religious discussions to any tangible harm. *Higdon*, 393 F.3d at 1219 ("Higdon's evidence shows a contentious relationship with Eberhardt, but there was no 'tangible negative effect' on Higdon."). *See id.* (quoting *Wideman v. Wal–Mart Stores, Inc.,* 141 F.3d 1453, 1456 (11th Cir. 1998) ("An adverse action must meet a 'threshold level of substantiality' before it can serve as the basis of a retaliation claim.").

Finally, from a subjective view, Plaintiff's allegations, taken as true, demonstrate that Plaintiff engaged in the following protected conduct **after** Ms. Winn raised religious topics during their meeting: (1) complained of disability discrimination to CareerSource's office of Human Resources; (2) filed a charge of disability discrimination with the Equal Employment Opportunities Commission ("EEOC"); and (3) requested an additional disability accommodation. *See* Compl.

¶¶ 26, 27, 29, 33. These allegations indicate that Plaintiff did not feel dissuaded from opposing practices made unlawful by the ADA and the FCRA. *See, e.g.*, *McLaughlin*, 2016 WL 1271514, at *11 ("In fact, it does not appear that [plaintiff] himself was dissuaded, as he filed at least three complaints with the EEO office.").

Third, Plaintiff's allegations that she was "publicly humiliated" when Ms. Winn "singled her out during a Teams meeting" by asking Plaintiff to unmute herself and turn on her video, Compl. ¶¶ 35, 36, are insufficient to plead a materially adverse action. Taking Plaintiff's allegations as true, this is precisely "the kind of trivial harm[] or minor annoyance[] that would not dissuade a reasonable employee from raising a complaint of discrimination." *McLaughlin v. Brennan*, 2016 WL 1271514 (M.D. Fla. Mar. 31, 2016). *See Burlington*, 548. U.S. at 68 (quoting *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 80, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998)) ("We speak of *material* adversity because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth 'a general civility code for the American workplace.'") (emphasis in the original); *id.* (recognizing that "petty slights, minor annoyances, [] lack of good manners[,]" and "personality conflicts that generate antipathy and snubbing by supervisors and co-workers are not covered [by Title VII's antiretaliation provision].").[6] Thus, taking

---

[6] "Because the Florida Civil Rights Act was modeled on Title VII, Florida courts apply Title VII

Plaintiff's allegations as true, she has failed to plead a materially adverse action for purposes of either of her retaliation claims.

### B.  Plaintiff Failed to Allege Causation

If Counts III and IV of Plaintiff's Complaint are not dismissed for failure to plead a materially adverse action, they should be dismissed because Plaintiff failed to allege a causal nexus between any alleged protected activity and any alleged materially adverse action.

With respect to Plaintiff's allegations that she was monitored by her supervisor during working hours and subjected to religious discussions, Plaintiff has failed to specify any dates, or even general time frames, on which either of the alleged adverse actions occurred. Instead, she attempts to plead causation by asserting conclusory allegations. *See* Compl. ¶ 19 ("*Following the approval of Plaintiff's accommodation request*, Ms. Maritza and [Ms. Winn] began to specifically target Plaintiff, singling her out from her colleagues.") (emphasis added); *id.* at ¶ 25 ("Ms. Winn's unwarranted actions toward Plaintiff began *shortly after Plaintiff made her accommodation request*, indicating a discriminatory and retaliatory motive tied to the request for accommodations due to Plaintiff's

---

caselaw when interpreting the Florida Civil Rights Act." *Jones v. United Space Alliance, LLC*, 494 F. 3d 1306, 1310 (11th Cir. 2007).

disability.") (emphasis added). And while Plaintiff alleges that "[d]uring Plaintiff's one-on-one meeting with Ms. Winn, Ms. Winn repeatedly brought up religious topics in a manner that seemed intended to pressure Plaintiff into conversion[,]"*id.* at ¶ 22, she fails to allege any dates on which these meetings occurred.

Just as the plaintiff in *McGuire*, Plaintiff's failure to allege specific dates (or even months) on which either of the alleged adverse actions occurred in relation to the alleged protected activity makes it impossible to determine whether the alleged adverse action and her alleged request for accommodations were temporally proximate. *See McGuire,* 763 Fed. Appx. at 898 (affirming dismissal of amended complaint on grounds that plaintiff's failure to specify dates precluded inference of causation by way of temporal proximity). Indeed, Plaintiff's conclusory allegation that she was subjected to workplace surveillance and religious discussions "shortly after [she] made her accommodation request," Compl. ¶ 25, is wholly insufficient to plead a causal nexus.

Since Plaintiff has failed to allege a materially adverse action and causation for her purported retaliation claims, Count III and IV of Plaintiff's Complaint should be dismissed for failure to state a cause of action.

## IV.    CONCLUSION

For the reasons set forth above, the Complaint should be dismissed.

<u>Local Rule 3.01(g) Certification</u>

Counsel for CareerSource has conferred with Plaintiff's counsel concerning the relief requested in this Motion via email and telephone. Plaintiff opposes the relief sought herein.

Respectfully submitted,

*/s/ Stephanie M. Marchman*
Stephanie M. Marchman, Lead Counsel
Florida Bar No. 854301
stephanie.marchman@gray-robinson.com
Hunter M. Patrick
Florida Bar No. 1049903
hunter.patrick@gray-robinson.com
643 S.W. 4th Avenue, Suite 110
Gainesville, Florida 32601
Telephone: (352) 376-6400
Facsimile: (352) 376-6484
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of June, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served same by electronic mail to Counsel for Plaintiff: Tiffany R. Cruz, Esq., at tiffany@tiffanycruzlaw.com; Kevin Kostelnik, Esq., at kevin@tiffanycruzlaw.com; and Russel Monilla, Esq., at russel@tiffanycruzlaw.com.

*/s/ Stephanie M. Marchman*
Counsel for Defendant

25