UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MIESHA LOTT,**

    Plaintiff,

v.                                            Case No. 8:25-cv-1509-WFJ-CPT

**TAMPA BAY WORKFORCE
ALLIANCE, INC.**, d/b/a
**CAREERSOURCE HILLSBOROUGH
PINELLAS**,

    Defendant.
_____/

## ORDER

Before the Court is the United States Magistrate Judge Christopher P. Tuite's Report and Recommendation ("R&R") that Defendant Tampa Bay Workforce Alliance, Inc., d/b/a CareerSource Hillsborough Pinellas's ("CareerSource") motion to dismiss (Dkt. 6) pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted in part and denied in part. Dkt. 23. Specifically, the Magistrate Judge recommended that the Court grant CareerSource's motion to dismiss as to Ms. Lott's retaliation claims (Counts III and IV) and deny the motion as to Ms. Lott's failure to accommodate claims (Counts I and II). *Id.* at 29. CareerSource and Ms. Lott timely filed objections to the Magistrate Judge's R&R. Dkts. 27, 28. After careful consideration, the Court adopts in part the R&R and grants Defendant's motion to dismiss.

## BACKGROUND

The relevant factual allegations in this case are set forth in the R&R and are incorporated by reference as if set forth fully herein. *See* Dkt. 23 at 1–4. To provide background, the Court summarizes the relevant procedural history of the case.

On March 8, 2025, Plaintiff Lott initiated this action by filing a complaint against CareerSource in state court. Dkt. 1-1. In her complaint, Ms. Lott asserted claims for failure to accommodate a disability under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act of 1992 ("FCRA") (Counts I and II), as well as for retaliation under the ADA and the FCRA (Counts III and IV). *Id.* at 8–11. Following Ms. Lott's filing of her complaint, CareerSource removed the case to this Court and then filed the instant motion to dismiss. Dkts. 1, 6.

On December 17, 2025, the Magistrate Judge filed a R&R that recommended denial of CareerSource's request to dismiss the failure to accommodate claims in Counts I and II, but recommended granting the request to dismiss the retaliation claims in Counts III and IV. Dkt. 23 at 29. As to the failure to accommodate claims, the R&R ultimately found that it "need not resolve CareerSource's potentially nettlesome 'adverse employment action' argument because CareerSource loses on the 'interactive process' prong." *Id.* at 19. Concerning the retaliation claims, the R&R found that Plaintiff failed to sufficiently plead the materially adverse employment action and causation requirements. *Id.* at 24–27.

On December 31, 2025, both parties filed objections to the portions of the R&R that found against them. CareerSource objects to the R&R declining to recommend dismissal of Plaintiff's failure to accommodate claims, Dkt. 27 at 10, and Plaintiff asserts the Magistrate Judge erred in advising dismissal of her retaliation claims. Dkt. 28 at 1.

## LEGAL STANDARDS

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the district court may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citations modified).

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief to give the defendant fair

notice of the claims and grounds. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). In considering a Rule 12(b)(6) motion to dismiss, the court must construe the facts in the light most favorable to the plaintiff. *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citation modified). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted).

## DISCUSSION

### I. Defendant's Objections—Failure to Accommodate Claims

CareerSource filed two objections to the Magistrate Judge's conclusions related to Plaintiff's failure to accommodate claims in Counts I and II. Before turning to those objections, a discussion of the Eleventh Circuit standard governing failure to accommodate claims is necessary.

The Americans with Disabilities Act prohibits employers from taking adverse employment action "against a qualified individual on the basis of disability." 42

U.S.C. § 12112(a). "To establish a prima facie case of discrimination under the ADA, a plaintiff must show that he (1) is disabled, (2) is a qualified individual, and (3) was discriminated against because of his disability." *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023) (citation modified). An employer can violate section 12112(a) either by intentional discrimination or by failing to make a reasonable accommodation for an employee's disability. 42 U.S.C. § 12112(b)(5)(A); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). In contrast to an intentional discrimination claim, "a failure to make reasonable accommodation claim requires no animus and occurs when a covered entity fails to fulfill its affirmative duty to 'make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability' without demonstrating that 'the accommodation would impose an undue hardship on the operation of the business.'" *Nadler v. Harvey*, No. 06-12692, 2007 WL 2404705, at *4 (11th Cir. Aug. 24, 2007) (quoting 42 U.S.C. § 12112(b)(5)(A)).

In this case, Plaintiff raises a failure to accommodate claim under the ADA and the FCRA.[1] *See* Dkt. 1-1 ¶¶ 46–57. To prevail on a failure-to-accommodate

---

[1] As the Magistrate Judge correctly noted, Plaintiff's FCRA claims are analyzed under the same framework as disability claims under the ADA. Dkt. 23 at 6 (citing *Laughlin v. Miami-Dade County, Fla.*, No. 24-13284, 2025 WL 3633853, at *4 (11th Cir. Dec. 15, 2025); *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007); *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020)). Because the parties focus solely on the law governing ADA claims in addressing Counts I and II, the Court will proceed in the same fashion.

5

claim, a plaintiff must establish that, in addition to being a qualified individual with a disability, "she made a specific request for a reasonable accommodation" and "her employer . . . failed to provide a reasonable accommodation, or engage in the requisite interactive process in order to identify a reasonable accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020) (citation omitted).

Importantly, the Eleventh Circuit has also made clear that a plaintiff must also prove that the failure to reasonably accommodate "negatively impacts the employee's hiring, advancement, discharge, compensation, training, and other terms, conditions, and privileges of his employment." *Beasley*, 69 F.4th at 754 (citing 42 U.S.C. § 12112(a); *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1263 n.17 (11th Cir. 2007)). CareerSource does not dispute that Ms. Lott is a qualified individual with a disability, nor does Defendant dispute that the Plaintiff made a specific request for a reasonable accommodation. *See* Dkt. 6 at 2; Dkt. 27 at 2, 8. Instead, the objections to the R&R center on whether Defendant failed to engage in an interactive process to identify a reasonable accommodation and whether this failure led to an adverse employment action.

A reasonable accommodation is a modification or adjustment that enables the employee to perform the "essential functions" of the position. *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016); *see also U.S. Airways, Inc. v. Barnett*, 535

U.S. 391, 399–401 (2002). "A reasonable accommodation depends on the circumstances, but can include modifying work schedules or policies." *Oirya v. Mando Am. Corp.*, No. 23-11429, 2024 WL 1462500, at *5 (11th Cir. Apr. 4, 2024) (citing 42 U.S.C. § 12111(9)(B); *Barnett*, 535 U.S. at 402–03; *Frazier-White*, 818 F.3d at 1255). "[T]o trigger an employer's duty to provide a reasonable accommodation, the employee must (1) make a specific demand for an accommodation and (2) demonstrate that such accommodation is reasonable." *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022) (citing *Frazier-White*, 818 F.3d at 1255–56) (applying ADA principles in Rehabilitation Act case). The burden is on the employee to "identify—at least in broad strokes—the limitations her mental or physical condition imposes," and "link her disability to her requested accommodation by explaining how the requested accommodation could alleviate the workplace challenges posed by her specific disability." *Id.* at 1335. "The bottom line is that employees must give employers enough information to respond effectively to an accommodation request." *Id.*

Concerning the interactive process, the ADA's regulations state that an employer may, in some circumstances, need to "initiate an informal, interactive process" with a disabled employee to determine the appropriate reasonable accommodation. 29 C.F.R. § 1630.2(o)(3). "Therefore, when an employee triggers an employer's accommodation duties, the employer must expend time and expense

7

to explore the universe of reasonable accommodations, identify one that is mutually agreeable to the parties, and implement it." *Owens*, 52 F.4th at 1335.

With this legal background in mind, the Court turns to Defendant's two objections to the R&R. First, Defendant takes issue with the Magistrate Judge's "failure to apply *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744 (11th Cir. 2023)," as "Plaintiff has failed to plead any facts demonstrating that CareerSource's alleged failure to accommodate resulted in a negative impact on identifiable terms and conditions of her employment, as required under *Beasley* and the plain language of the ADA." Dkt. 27 at 8. Second, Defendant disagrees with the R&R's language that Defendant "misread[s]" Plaintiff's Complaint concerning what accommodations she requested from CareerSource. *Id.* For the sake of clarity, the Court will begin with Defendant's second objection, then consider the first objection.

  a. *Objection 2—Misreading of Plaintiff's Complaint*

Defendant is essentially asserting an ambiguity or variance in Plaintiff's claims concerning accommodation, a flaw the Magistrate Judge supposedly missed. *Id.* at 8–10. A review of the Complaint, however, shows that the Magistrate Judge's finding is correct. In her complaint, Plaintiff alleges that she "submitted a recertification request on or about March 27, 2024, for the same reasonable accommodation to continue working remotely on Fridays, as her disability-related needs persisted." Dkt. 1-1 ¶ 29. Plaintiff further alleges that "[a]ll Plaintiff sought

[at the time] was to extend the accommodation already in place." *Id*. These allegations make clear that, contrary to CareerSource's assertions, Plaintiff was not asking CareerSource to adopt her earlier (December 18, 2023) accommodation proposal that was denied on "business necessity" grounds; rather, Plaintiff was asking CareerSource to continue with the previously approved January 8, 2024 accommodation that was "already in place." *Id*. ¶¶ 15, 16, 17, 29. Accepted as true, the Complaint sufficiently alleges Ms. Lott triggered CareerSource's duty to at least engage in the interactive process.

However, Plaintiff alleges that when she requested to continue the January 2024 accommodations that were set to expire on March 29, 2024, CareerSource outright denied the request and unlawfully "refused to engage in any further dialogue or make a genuine effort to explore alternative accommodations" with Plaintiff, which "effectively halt[ed] the interactive process." *Id*. ¶¶ 30, 31. In other words, Plaintiff asserts she made a specific demand for an accommodation and demonstrated that such accommodation was reasonable, but CareerSource refused to "expend time and expense to explore the universe of reasonable accommodations, identify one that is mutually agreeable to the parties, and implement it." *Owens*, 52 F.4th at 1335; *see also Cooke v. Carpenter Tech. Corp.*, No. 20-14604, 2022 WL 17730393, at *2 (11th Cir. Dec. 16, 2022) ("[The plaintiff] alleges he made repeated attempts to continue conversations about a reasonable accommodation, but [the

9

defendant] delayed and failed to engage in any meaningful manner."). Therefore, accepting the factual allegations as true, Plaintiff has sufficiently pleaded that CareerSource failed to accommodate Plaintiff by refusing to participate in the interactive process. Defendant's second objection is overruled.

### b. Objection 1—Failure to Apply Beasley v. O'Reilly Auto Parts

Turning to Defendant's first objection, Defendant argues that the Magistrate Judge erred in failing to apply *Beasley v. O'Reilly Auto Parts*. Dkt. 27 at 3–4. Specifically, Defendant contends that *Beasley* "definitively clarified the scope of actionable" failure to accommodate claims, Dkt. 27 at 4, when stating, "a failure to reasonably accommodate is actionable under the ADA only if that failure negatively impacts the employee's hiring, advancement, discharge, compensation, training, and other terms, conditions, and privileges of his employment." *Beasley*, 69 F.4th at 754 (citing 42 U.S.C. § 12112(a)).

In *Beasley*, the court makes clear that the ADA's requirement of an "adverse employment action" extends even to failure to accommodate claims. *Id.* The appellate court began by breaking down the first basic element of an ADA violation, explaining:

> An employer violates the ADA when it (1) "discriminate[s] against a qualified individual on the basis of disability" and (2) does so "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." [42 U.S.C.] § 12112(a). The first element — discrimination — occurs "when the employer fails

10

>to provide 'reasonable accommodations' for the disability — unless doing so would impose undue hardship on the employer." *Lucas*, 257 F.3d at 1255; *see also Holly*, 492 F.3d at 1262 ("[A]n employer's failure to reasonably accommodate a disabled individual *itself* constitutes discrimination under the ADA, so long as that individual is 'otherwise qualified,' and unless the employer can show undue hardship.").

*Id.*

When discussing the second basic element of an ADA violation, the *Beasley* court makes clear that only demonstrating an employer failed to provide a reasonable accommodation (i.e., fulfilling the first basic element of an ADA violation to show discrimination) is not enough. The second basic element requires an "adverse employment action"—that is, "discrimination in the form of a failure to reasonably accommodate is actionable under the ADA only if that failure negatively impacts the employee's hiring, advancement, discharge, compensation, training, and other terms, conditions, and privileges of his employment. *Id.* (citing 42 U.S.C. § 12112(a); *Holly*, 492 F.3d at 1263 n.17). Stated differently, *Beasley* made it clear that even after a plaintiff alleges discrimination (by failing to provide a reasonable accommodation), the discrimination must have negatively impacted the plaintiff's "hiring, advancement, discharge, compensation, training, and other terms, conditions, and privileges of her employment." *Id.* When applying this rule, the *Beasley* court found that the defendant had discriminated against the deaf plaintiff by failing to provide a reasonable accommodation (i.e., an interpreter) during meetings and that this discrimination led to lower evaluation scores, which in turn

"adversely impacted the amount of the pay raises [the plaintiff] received." *Id.* at 755.[2]

Here, as discussed above, Plaintiff has adequately pled that CareerSource discriminated against her by refusing to participate in the interactive process. But, when applying *Beasley*, Plaintiff must also show that CareerSource's discrimination (by refusing to initiate the interactive process when Plaintiff requested an extension of the January 2024 accommodation) adversely affected "the terms, conditions, or privileges of [her] employment." *Id.* at 756. Even when construing the factual allegations in the light most favorable to Plaintiff, there are no allegations that any terms, conditions, or privileges of her employment were negatively affected following CareerSource's alleged refusal to engage in the interactive process. *See* Dkt. 1-1 ¶¶ 29–39. Nor is there anything in the Complaint alleging Plaintiff lost out on "advancement, . . . compensation, [or] training" after CareerSource refused to extend the January 2024 accommodation to work from home every other Friday.

---

[2] Other district courts in this circuit have routinely applied *Beasley*'s "adverse employment action" element. *See e.g.*, *Dolch v. Sixth Judicial Circuit*, No. 8:24-CV-1521-KKM-TGW, 2025 WL 1309512 (M.D. Fla. May 6, 2025) (citing *Beasley* and finding "[the plaintiff's] allegations are insufficient because there are no allegations that 'any of the terms, conditions, or privileges of [her] employment were adversely affected' by the lack of a parking space on Thursdays. . . . To the extent that the failure to accommodate her parking needs resulted in a constructive discharge, she must allege as much."); *Equal Emp. Opportunity Comm'n v. Army Sustainment, LLC*, No. 1:20-CV-234-RAH-CWB, 2023 WL 6276341, at *12 (M.D. Ala. Sept. 26, 2023) ("Thus, according to *Beasley*, the EEOC must show that the claimants suffered an adverse employment action as a result of [the defendant's] failure to accommodate."); *Lloyd v. Twin Cedars Youth & Fam. Servs., Inc.*, No. 5:22-CV-195 (MTT), 2024 WL 247066, at *5 (M.D. Ga. Jan. 23, 2024) (citing *Beasley* and finding the plaintiff "has no failure to accommodate claim."); *Johnson v. Car Spa Inc.*, No. 1:23-CV-5740-VMC-CCB, 2025 WL 4057768, at *17 (N.D. Ga. July 18, 2025), *report and recommendation adopted*, No. 1:23-CV-05740-VMC, 2025 WL 4057766 (N.D. Ga. Sept. 26, 2025) (citing *Beasley* and discussing "whether forcing an employee to work in pain by not providing a reasonable accommodation violates the ADA" counts as a as negative impact on the terms or conditions of employment).

12

*Beasley*, 69 F.4th at 754. At most, Plaintiff only alleges that she was subsequently "humiliated" during a Teams meeting by a manager and that she was forced to return to in-person work five days a week. Dkt. 1-1 ¶¶ 34, 39. Such allegations, however, do not indicate that the terms, conditions, or privileges of her employment were adversely affected. *See* 42 U.S.C. § 12112(a). Therefore, the Court finds that Plaintiff has failed to adequately state a failure to accommodate claim under the ADA and FCRA and dismisses Counts I and II.[3]

## II. Plaintiff's Objections—Retaliation Claims

Plaintiff objects to the Magistrate Judge's recommendation that her retaliation claims in Counts III and IV be dismissed. Dkt. 28 at 2–3. Specifically, Plaintiff contests the R&R's findings that Plaintiff failed to sufficiently allege: (1) a materially adverse employment action and (2) causation between her protected activity and the adverse action. *Id.* at 4, 6. For the reasons discussed below, the Court agrees with the Magistrate Judge and dismisses Counts III and IV.

The ADA prohibits retaliation against an individual "because such individual has opposed any act or practice made unlawful [by the Act] or . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

---

[3] The R&R suggests that *Beasley*'s application of an "adverse employment action" element conflicts with *Holly v. Clairson Indus., LLC*'s opinion that "an employer's failure to reasonably accommodate a disabled individual *itself* constitutes discrimination under the ADA, so long as that individual is otherwise qualified, and unless the employer can show undue hardship." Dkt. 23 at 14 (quoting *Holly*, 492 F.3d at 1262). Absent further clarity from the Eleventh Circuit, the *Beasley* holding applies.

hearing under [the Act]." 42 U.S.C. § 12203(a).[4] When a plaintiff relies on circumstantial evidence, as Ms. Lott does here, courts evaluate an ADA retaliation claim using the same burden-shifting framework applied to Title VII retaliation claims. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1219 (11th Cir. 2021). Under that framework, the plaintiff must first establish a *prima facie* case of retaliation. *Batson v. Salvation Army*, 897 F.3d 1320, 1329–30 (11th Cir. 2018). "To establish a prima facie case of retaliation under either act, an employee must demonstrate (1) that she engaged in statutorily protected conduct, (2) that she suffered an adverse employment action, and (3) that a causal connection exists between the two." *Id.* at 1329. Defendant's motion to dismiss does not challenge the first element, so the Court solely focuses on the second and third.

Concerning the materially adverse employment action element, a plaintiff must show that "a reasonable employee would have found the challenged action materially adverse," which, in the Title VII retaliation context, means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

---

[4] Plaintiff's ADA and FCRA retaliation claims are analyzed under the same framework. *See Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 928 (11th Cir. 2019) (citing *Frazier-White*, 818 F.3d at 1258) ("As with disability discrimination claims, retaliation claims brought under the FCRA are analyzed under the ADA framework."); *Russell v. City of Tampa, Fla.*, 737 F. App'x 922, 923 (11th Cir. 2018) ("Retaliation claims under both the ADA and FCRA follow the analysis under Title VII of the Civil Rights Act of 1964.").

Here, the Complaint alleges several adverse employment actions that the Magistrate Judge correctly found did not meet the *Burlington* standard. Plaintiff argues that CareerSource "publicly reprimanded her during team meetings[] and subjected her to unannounced supervisory visits that disrupted her work and singled her out from her colleagues." Dkt. 8 at 12; *see* Dkt. 1-1 ¶¶ 20, 21, 34, 36, 39. But none of these actions would have dissuaded a reasonable worker from making or supporting a charge of discrimination, as none of these actions materially altered the terms or conditions of Plaintiff's employment. *See Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 357 (2024) (noting materially adverse actions in the Title VII context generally "pertain[] to hiring, or firing, or compensating, or . . . altering terms or conditions through a transfer"). In other words, Plaintiff's allegations of rudeness, verbal abuse, physical intimidation by her manager, and discipline during a Teams meeting are not adverse employment actions because they did not involve a material change in Ms. Lott's employment. *See Lucas*, 257 F.3d at 1261 (finding "[n]egative performance evaluations, standing alone, do not constitute adverse employment action" under the ADA); *Higdon v. Jackson*, 393 F.3d 1211, 1219–20 (11th Cir. 2004) (finding that a supervisor's "rude" behavior did "not rise to the level of an adverse action"); *Debe v. State Farm Mut. Auto. Ins. Co.*, 860 F. App'x 637, 641 (11th Cir. 2021) ("The alleged negative feedback, unjustified coaching, and placement on performance management also did not constitute materially adverse

actions, since Debe again offered nothing to suggest that they caused him an objective injury or harm, like a reduction in pay, benefits, or responsibilities."); *Tarmas v. Sec'y of Navy*, 433 F. App'x 754, 763 (11th Cir. 2011) (noting there is "nothing retaliatory about a supervisor notifying an employee of problems with his work").

Plaintiff, however, contends that denying an extension to her January 2024 accommodation and forcing her to return to in-person work is a materially adverse employment action. Dkt. 28 at 5; Dkt. 8 at 12. This argument is an attempt to repackage her disability discrimination claim as a retaliation claim. Under the ADA, an allegation based on the employer's failure to fulfill affirmative duties prescribed by the ADA—such as the duty to provide a reasonable accommodation or engage in the interactive process—forms the basis of a discrimination claim. *See Barnett*, 535 U.S. at 396 (citation modified) ("[T]he ADA says that discrimination includes an employer[] not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified employee."); 42 U.S.C. § 12112(b)(5)(A). Conversely, an allegation that an employer takes actions prohibited by the ADA forms the basis of a retaliation claim. *See* 42 U.S.C. § 12203. Plaintiff's claim is about what CareerSource failed to do—i.e., refusing to engage in the interactive process and extend her prior accommodation, leading to a return to in-person work— is a claim of discrimination. Plaintiff "cannot recharacterize her claim as one of

retaliation simply to get a second bite at the apple." *Williams-Evans v. Advance Auto Parts*, 843 F. App'x 144, 149 (11th Cir. 2021).

Even if Plaintiff adequately pled a materially adverse employment action by being forced to return to in-person work, the Court agrees with the Magistrate Judge that Plaintiff failed to satisfy the causation requirement. Dkt. 23 at 27. To satisfy the causation requirement, Plaintiff needs only to "prove that the protected activity and the adverse action are not completely unrelated." *Higdon*, 393 F.3d at 1220 (citation modified). This element is satisfied if the plaintiff "provides sufficient evidence of knowledge of the protected expression and that there was a close temporal proximity between this awareness and the adverse action." *Id.* (citation modified). For temporal proximity alone to be sufficient circumstantial evidence of a causal connection, it "must be very close." *Id.* (quotation marks omitted). "If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Id.* The Eleventh Circuit has concluded that a one-month period between the protected activity and the adverse action was "not too protracted," but that "a three to four month disparity" was insufficient to show a causal connection. *Id.* (citation omitted).

Here, the R&R properly found that "CareerSource's demand that Ms. Lott return to the office full time [on November 25, 2024] was made more than six-and-

17

a-half months after Ms. Lott's last statutorily protected activity, which occurred [on May 3, 2024] when she forwarded a complaint to CareerSource's Vice President of Human Resources." Dkt. 23 at 28 (citing Dkt. 1-1 ¶¶ 37, 39). While the Court accepts as true that Plaintiff began to be treated differently by her manager (Kristin Winn), the Complaint does not allege that the manager knew about the complaint to the vice president of HR or that the manager ultimately made the decision to force Plaintiff back to in-person work. As such, Plaintiff is only relying on temporal proximity to prove causation, and a six-month gap is too long to show a causal connection. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). Therefore, the Court adopts the Magistrate Judge's recommendation and dismisses without prejudice the retaliation claims in Counts III and IV.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Report and Recommendation, Dkt. 23, is **ADOPTED as follows:**

1. Defendant's objection, Dkt. 27, is **OVERRULED in part** and **SUSTAINED in part**.

2. Plaintiff's objection, Dkt. 28, is **OVERRULED**.

3. Defendant's motion to dismiss, Dkt. 6, is **GRANTED.**


a. Counts I, II, III, and IV of Plaintiff's Complaint, Dkt. 1-1, are **DISMISSED.**

b. If Plaintiff chooses to file an Amended Complaint, she shall do so within **FOURTEEN (14) days** of this Order.

**DONE AND ORDERED** at Tampa, Florida, on January 29, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record